IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 1:20CV00397 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| 125 EASTSIDE DRIVE, LEXINGTON, | : | |
| DAVIDSON COUNTY, NORTH CAROLINA, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, | : | |
| Defendant. | : | |

## VERIFIED COMPLAINT OF FORFEITURE

NOW COMES Plaintiff, United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and respectfully states as follows:

1. This is a civil action in rem brought to enforce the provisions of 21 U.S.C. § 881(a) for the forfeiture of the aforesaid defendant real property which was used or intended to be used in any manner or part to commit or to facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., punishable by more than one year's imprisonment, or which constitutes proceeds traceable to the exchange of a controlled substance in violation of the Controlled Substances Act.

2. This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of the aforesaid defendant real property which constitutes or was derived from proceeds traceable to an offense constituting specified unlawful activity

as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense, specifically the exchange of a controlled substance in violation of state and federal law.

3. The defendant property is all that certain lot or parcel of land known as 125 Eastside Drive, Lexington, Davidson County, North Carolina, with all appurtenances and improvements thereon, more particularly described as follows:

> BEING Lots Nos. Eight (8), Nine (9), and Ten (10) in Block "K" of what is known as Weaver Addition as shown by map duly registered in Plat Book 3, page 15 in the Office of the Register of Deeds for Davidson County, North Carolina.

(See Exhibit A-1 attached hereto). The record title holder of the subject real property is Christopher Brandon Yokeley. The property was acquired by Christopher Brandon Yokeley on or about April 23, 2012 by North Carolina General Warranty Deed recorded in the Davidson County Register of Deeds at Book 2054, Pages 2480-2481.

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant real property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has venue pursuant to 28 U.S.C. § 1355(b)(1) and 1395.

6. The defendant real property has not been seized but is located in this district, and one or more of the acts giving rise to forfeiture occurred in this district. The United States of America does not request authority from the Court to seize the defendant property

2

Case 1:20-cv-00397   Document 1   Filed 05/05/20   Page 2 of 5

at this time. The United States will, as provided by 18 U.S.C. § 985(b) and (c)(1):

    a.    post notice of this action and a copy of the Complaint on the defendant real property;

    b.    serve notice of this action on the defendant real property's owner and any other person or entity who may claim interest in the defendant real property; and

    c.    file a Lis Pendens in the county records of the property status as a defendant in this action.

7.    The facts and circumstances supporting the seizure and forfeiture of the defendant real property are contained in Exhibit A, attached hereto and wholly incorporated herein by reference.

WHEREFORE, the United States of America prays that judgment be entered declaring the defendant real property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

This the 5th day of May, 2020.

                                              Respectfully submitted,

                                              MATTHEW G.T. MARTIN
                                              United States Attorney

                                              /s/ Lynne P. Klauer
                                              Lynne P. Klauer
                                              Assistant United States Attorney
                                              NCSB #13815
                                              101 S. Edgeworth Street, 4th Floor
                                              Greensboro, NC 27401
                                              Phone: (336) 333-5351
                                              Email: lynne.klauer@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America, that the contents of the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

*[signature]*

Chaz Norman
Task Force Officer
Drug Enforcement Administration

DECLARATION

I, Chaz Norman, hereby state, pursuant to 28 U.S.C. § 1746, under penalty of perjury and pursuant to the laws of the United States, that the following is true and correct to the best of my knowledge, information, and belief.

1. I am a Task Force Officer with the United States Drug Enforcement Administration (DEA) and I am currently assigned to the Greensboro Resident Office. My responsibilities include investigating criminal violations of the Federal Controlled Substance Act and related offenses. I have been a sworn Police Officer with the Lexington Police Department (LPD) since January of 2016 and a Detective with the Vice/Narcotics Unit since January 2019.

2. This declaration is submitted in support of a Verified Complaint of Forfeiture for the real property known as 125 Eastside Drive, Lexington, North Carolina (hereafter referred to as "the residence" or "125 Eastside"), which is subject to forfeiture pursuant to 18 U.S.C. § 981 and 21 U.S.C. § 881.

3. On July 11, 2019, detectives with the LPD's Vice/Narcotics Unit executed a search warrant at the residence of 125 Eastside Drive. Detectives had received a Crimestoppers complaint about drug activity and successfully made three controlled purchases of methamphetamine from Christopher Brandon YOKELEY at the residence on July 2, July 3, and July 9, 2019. Upon execution of the search warrant, detectives located and seized approximately 114.2 grams of methamphetamine, 11 firearms, various ammunition, miscellaneous pills, including Alprazolam, Dextro-Amphetamine, Oxycodone, and Proxyphone, drug paraphernalia, and $1,600.00 in U.S. currency.


GOVERNMENT EXHIBIT A

YOKELEY was not present at the residence when the search was executed. Officers stopped YOKELEY in a vehicle away from the residence and he was arrested for carrying a concealed weapon and transported to the LPD. In his written statement to police, YOKELEY stated that he owned the house at 125 Eastside Drive and admitted ownership to everything that was located and seized during the execution of the search warrant at the residence, including the narcotics. YOKELEY further provided that he had been selling methamphetamine for "around a year and a half" and that he did not know if any of the guns in his house were stolen because he didn't know "if some of the items [he] traded drugs for stuff was stolen."

4. On August 22, 2019, detectives with the LPD's Vice/Narcotics Unit conducted a knock and talk at the residence of 125 Eastside Drive. Detectives encountered YOKELEY at the residence and were granted consent to search the residence, wherein detectives located and seized 26.8 grams of methamphetamine, miscellaneous pills, and $4,650.00 in U.S. currency. YOKELEY was arrested on the charges stemming from the search executed July 11, 2019, of Trafficking Methamphetamine, Possession With Intent to Sell/Distribute Schedule II, III, and IV Controlled Substances, and Possession of Drug Paraphernalia. Based on results of the consent search, additional charges were brought against YOKELEY for Possession With Intent to Sell/Distribute Methamphetamine, Possession With Intent to Sell/Distribute Schedule II and IV Controlled Substances, Possession of Drug Paraphernalia, and Possession of a Schedule III Controlled Substance. YOKELEY was placed under a $100,000.00 secured bond and released.

5. On October 21, October 23, and October 28, 2019, detectives again made controlled purchases of methamphetamine from YOKELEY at the residence.

6. On October 30, 2019 detectives with the LPD, along with the Davidson County Sheriff's Office (DCSO) Vice/Narcotics Unit, executed a search warrant at the residence of 125 Eastside Drive. Upon execution of the search warrant, detectives located and seized 13.4 grams of methamphetamine, 7 firearms, miscellaneous pills, including Alprazolam, a user amount of marijuana, and $514.00 in U.S. currency ($20.00 of which was LPD funds utilized during a controlled purchase). YOKELEY was arrested and charged with Possession of Methamphetamine, Possession With Intent to Sell/Distribute a Schedule IV and VI Controlled Substance, and Possession of a Weapon of Mass Destruction. YOKELEY was placed under a $30,000.00 secured bond and released.

7. On February 23, 2020, detectives received another Crimestoppers complaint about drug activity occurring at the residence at 125 Eastside Drive. On March 9, 2020, detectives successfully made a controlled purchase of methamphetamine from YOKELEY at the residence.

8. On March 13, 2020, detectives with the LPD, along with the DCSO Vice/Narcotics Unit, executed a search warrant at the residence of 125 Eastside Drive. Upon execution of the search warrant, detectives located and seized approximately 2 grams of methamphetamine, 12 firearms, various ammunition, 10 grams of marijuana, drug paraphernalia, and $1,432.00 in U.S. currency. YOKELEY was arrested and charged with Possession With Intent to Sell/Distribute Methamphetamine, Possession With Intent to Sell/Distribute a Schedule III Controlled Substance, Possession of Marijuana

3

Paraphernalia, Possession of Drug Paraphernalia, and Maintaining a Dwelling. YOKELEY was placed under a $75,000.00 secured bond and released.

9. Based on examination of public records maintained by the Register of Deeds for Davidson County, North Carolina, Christopher Brandon YOKELEY is the sole owner of the real property known as 125 Eastside Drive, Lexington, NC.

10. YOKELEY is not currently employed and has no legitimate reported earnings since 2017.

CONCLUSION

11. Based on the investigation, facts, and circumstances related above, there is probable cause to believe that the defendant real property known as 125 Eastside Drive, Lexington, North Carolina, was used or intended to be used, in any manner or part, to commit or to facilitate the commission of a violation of the Controlled Substances Act punishable by more than one year's imprisonment and is therefore subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(7).

This the __1__ day of May, 2020.

Chaz Norman
Task Force Officer
Drug Enforcement Administration

4

FILED DAVIDSON COUNTY, NC DAVID T. RICKARD, REGISTER OF DEEDS 4/24/2012 4:29:21 PM  BOOK 2054 PAGE 2480 - 2481 INSTRUMENT #2012000008945 Recording:$26.00 Excise Tax:$0.00    Deputy: JOWENS

| Excise Tax  $No Stamps | Recording Time, Book and Page |

Tax Lot No.__**11117000K0008**_____ Parcel Identifier No.

Mail after recording to **Grantee:**

This instrument was prepared by **Irvin R. Sink, Attorney; PO Box 743, Lexington, NC 27293**

| Brief Description for the index | Lots 8-10, Block K, Weaver Addition, Plat Book 3, page 15 |

## NORTH CAROLINA GENERAL WARRANTY DEED

THIS DEED made the 23rd day of April, **2012**, by and between

| GRANTOR | GRANTEE |
|---|---|
| **Dorianne Beck** <br> 104 Hillside Drive <br> Lexington, NC 27295 | **Christopher Brandon Yokeley** <br> 125 Eastside Drive <br> Lexington, NC  27292 |

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in Lexington Township, Davidson County, North Carolina and more particularly described as follows:

BEING Lots Nos. Eight (8), Nine (9), and Ten (10) in Block "K" of what is known as Weaver Addition as shown by map duly registered in Plat Book 3, page 15 in the Office of the Register of Deeds for Davidson County, North Carolina.

The above described property is _X_ / is not ___ (check applicable blank) the primary residence of Grantor(s).

**It is the intention of the parties to dissolve the Tenancy by the Entirety, and this conveyance is made pursuant to G.S. 39-13.3 and it is the purpose of this deed to vest the entire interest in the Grantee.**



GOVERNMENT EXHIBIT A-1

The property hereinabove described was acquired by Grantor by instrument recorded in Book 1998, Page 1004.

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.

Title to the property hereinabove described is subject to the following exceptions:

**1. All ad valorem taxes which the grantee assumes and agrees to pay.**

**2. Restrictive covenants of record and all easements and rights of way for public utilities and public roadways existing of record or located upon the premises, and any local, county, state, or federal laws, ordinances, or regulations relating to zoning, environment, subdivision, occupancy, use, construction, or development of the subject property, including existing violations of said laws, ordinances, or regulations.**

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers and its seal to be hereunto affixed by authority of its Board of Directors, the day and year first above written.

_____ (SEAL)
Dorianne Beck

**SEAL-STAMP**     **STATE OF NORTH CAROLINA**
                   **DAVIDSON COUNTY**

I certify that the following person(s) appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated: **Dorianne Beck**

Witness my hand and seal, this the 23rd day of April, 2012.

Theresa M. Walker
Notary Public
Davidson County
North Carolina

_____ NOTARY PUBLIC
Printed Name: Theresa M. Walker

My Commission Expires:
2/17/14